Filed 5/3/22  P. v. Sheppard CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B314899 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA034259) |
| v. | |
| LAMONT SHEPPARD, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Laura R. Walton, Judge.  Affirmed.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Amanda V. Lopez and Gary A. Lieberman, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In 1996, a jury convicted defendant and appellant Lamont Sheppard of two counts of attempted murder (Pen. Code, §§ 664/187, subd. (a)),[1] one count of assault with a firearm (§ 245, subd. (a)(2)), and one count of discharge of a firearm with gross negligence (§ 246.3).  As to the attempted murder counts, the jury found true the allegations that the offenses were committed willfully, deliberately, and with premeditation (§ 664, subd. (a)), and that a principal was armed with a firearm (§ 12022, subd. (a)(1)).  The jury found not true the allegations that defendant personally used a firearm or that he personally inflicted great bodily injury.  Defendant was sentenced to state prison for two consecutive life terms with the possibility of parole, plus three years four months.  (*People v. Sheppard* (Jan. 14, 1999), B108626 [nonpub. opn.], at pp. 1–2.)

Defendant appealed, and on January 14, 1999, we affirmed the judgment.  (*People v. Sheppard*, *supra*, B108626, at p. 19.)

In 2015, defendant filed a request for resentencing pursuant to Proposition 47.  (*People v. Sheppard* (Oct. 31, 2016), B270216 [nonpub. opn.], at p. 2.)  The trial court denied his resentencing request, and on October 31, 2016, we affirmed the trial court's order.  (*Id.* at p. 5.)

In June 2021, defendant filed a petition for resentencing pursuant to section 1170.95 and requested the appointment of counsel.  The trial court denied the petition without appointment of counsel on the ground that section 1170.95 does not apply to attempted murder convictions.

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

Defendant timely filed a notice of appeal.[2]  He argues that because his petition falls squarely within the scope of Sen. Bill 775, we must reverse the trial court's order and remand the matter to the trial court for further proceedings pursuant to section 1170.95, subdivision (c).

We are not convinced by defendant's argument.  Accordingly, we affirm the order.

## FACTUAL BACKGROUND

"[A] driveby shooting occurred on Cocoa Street in Compton . . . on August 18, 1995.  Two of the victims, Dion Winn and Theodore Millender, were riding on a mountain bike when shots rang out from a van that was driving by. . . .  Both were severely injured. . . .  [Defendant], the driver whom Millender saw with a gun, was a member of the rival Nutty Block Crip gang . . . .  A third victim . . . was in his bedroom when a chance bullet came through his bedroom window and hit him in the left back."  (*People v. Sheppard*, *supra*, B108626, at pp. 2–3.)

## PROCEDURAL BACKGROUND

On June 11, 2021, defendant field a petition for resentencing.  The trial court summarily denied his petition, without appointing counsel, on the ground that defendant was ineligible for relief because he was convicted of attempted murder, not murder.

---

[2]    Attached to defendant's notice of appeal was another petition for resentencing pursuant to Senate Bill No. 775 (Reg. Sess. 2021-2022) (Sen. Bill 775), which amended section 1170.95 effective January 1, 2022.  It does not appear that the trial court acted on that petition, although the trial court's order denying defendant's request for resentencing provides that it was denied "again."

**DISCUSSION**

I. *Relevant law*

As is relevant to the issues raised in this appeal, in 2019, Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Sen. Bill 1437) eliminated liability for murder under the natural and probable consequences doctrine. (*People v. Lewis* (2021) 11 Cal.5th 952, 959.) It also added section 1170.95, which established a procedure for defendants convicted of murder under the old law to seek resentencing if they could not now be convicted of that crime in light of the revisions to sections 188 and 189. Under that procedure, "once a petitioner files a facially sufficient petition requesting counsel, the superior court must appoint counsel before performing any prima facie review under section 1170.95, subdivision (c)." (*People v. Mancilla* (2021) 67 Cal.App.5th 854, 864; see also *People v. Lewis, supra,* at p. 963.)

However, "a superior court's failure to appoint counsel to represent a petitioner when assessing whether he or she has made a prima facie showing of entitlement to relief pursuant to section 1170.95, subdivision (c), is state law error only, reviewable for prejudice under the harmless error standard of *People v. Watson* (1956) 46 Cal.2d 818. [Citation.]" (*People v. Mancilla, supra,* 67 Cal.App.5th at p. 864.)

Sen. Bill 775, which amended section 1170.95, expanded the scope of section 1170.95 petitions to include individuals convicted of attempted murder under the natural and probable consequences doctrine. Sen. Bill 775 became effective January 1, 2022, while defendant's appeal from the trial court's order denying his section 1170.95 petition was pending.

Where the record of conviction shows that a petitioner was not convicted under any theory of liability affected by Sen. Bill

4

1437, he is ineligible for resentencing as a matter of law. (See *People v. Mancilla*, *supra*, 67 Cal.App.5th at pp. 866–867.) That limitation on eligibility did not change under Sen. Bill 775.

II. *Analysis*

Applying these legal principles, we conclude that the trial court did not commit prejudicial error in denying defendant's section 1170.95 petition. At the time defendant filed his petition for resentencing, the trial court correctly found that section 1170.95 did not apply to convictions for attempted murder. Since then, the law has changed, and, as set forth above, section 1170.95 now covers convictions for attempted murder. Under the recently amended statute, defendant was entitled to counsel at the prima facie stage. (*People v. Lewis*, *supra*, 11 Cal.5th at pp. 961–972.) But, the trial court's failure to appoint counsel was harmless; it was not reasonably probable that defendant would have obtained a more favorable outcome if counsel had been appointed. (*Id.* at pp. 972–974; *People v. Mancilla*, *supra*, 67 Cal.App.5th at p. 864.)

The record of conviction establishes that defendant is ineligible for relief under section 1170.95 as a matter of law. The jury convicted defendant of two counts of attempted murder as an aider and abettor. The jury was not instructed on the natural and probable consequences theory of aiding and abetting liability. The only theory of attempted murder on which the jury was instructed required malice aforethought by defendant. After all, the jury was told pursuant to CALJIC No. 3.01 that an aider and abettor is liable if he had "knowledge of the unlawful purpose of the perpetrator," had "the intent or purpose of committing, encouraging, or facilitating the commission of the crime," and "by act or advice aids, promotes, encourages or instigates the

5

commission of the crime." The jury was also told pursuant to CALJIC No. 8.66 that in order to convict, it had to find that defendant "harbored express malice aforethought, namely, a specific intent to kill."

In light of these instructions, the jury could not have convicted defendant of attempted murder unless it found that he acted with malice, which is the mental state required under current law. It follows that the revisions that Sen. Bill 775 made to section 1170.95 do not compel reversal of the trial court's order.

## DISPOSITION

The order is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, Acting P. J.
ASHMANN-GERST


We concur:


_____, J.
CHAVEZ


_____, J.
HOFFSTADT


6